# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID WALTER MICHEL,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:12-cv-00945-PMP-CWH

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#11), respondents' motion to dismiss (#15), petitioner's opposition (#20), and respondents' reply (#21). The court finds that petitioner has exhausted his available state-court remedies for the grounds challenged in the motion, and the court denies the motion.

    Pursuant to a plea agreement, the state district court convicted petitioner of burglary and escape. Ex. 12 (#16). Petitioner did not appeal the judgment of conviction. Petitioner filed a post-conviction state habeas corpus petition with a supporting memorandum. Ex. 13, Ex. 14 (#16).[1] Later, petitioner retained counsel. The state district court denied the petition. Ex. 30 (#17). Petitioner appealed the decision. Counsel filed a fast-track statement. Ex. 39 (#17). Petitioner then filed a motion to dismiss his counsel and for appointment of replacement counsel. Ex. 46 (#19).

---

[1] Petitioner also submitted a first amended state habeas corpus petition. Ex. 21 (#17). State law does not allow by right the filing of a proper-person amended petition, and it does not appear that petitioner obtained leave of the state district court to file that first amended petition. See Nev. Rev. Stat. § 34.750. The state district court did not acknowledge the first amended petition in its order denying the petition. See Ex. 30 (#17). This court assumes that the first amended state habeas corpus petition is a fugitive document.

1  The Nevada Supreme Court granted the motion with respect to the dismissal of counsel and denied
2  the motion with respect to appointment of replacement counsel. Ex. 48 (#19). The Nevada
3  Supreme Court then affirmed the denial of the petition. Ex. 59 (#19). Petitioner then commenced
4  this action.
5  Respondents argue that Petitioner has not exhausted his available state-court remedies for
6  part of ground 1 and part of ground 4. Before a federal court may consider a petition for a writ of
7  habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C.
8  § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's
9  highest court, describing the operative facts and legal theory, and give that court the opportunity to
10 address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam);
11 Anderson v. Harless, 459 U.S. 4, 6 (1982).
12 Respondents base their argument upon the fast-track statement filed in petitioner's state
13 habeas corpus appeal. See Ex. 39 (#17). Ground 1 and ground 4 are claims of ineffective
14 assistance of counsel. In ground 1, petitioner alleges, "Counsel failed to inform petitioner of his
15 right to appeal and/or counsel failed to file a notice of appeal and/or counsel failed to investigate
16 and raise all issues raised in this petition in a direct appeal/or at the trial court level." Petition, at 3
17 (#11). Respondents argue that petitioner did not present to the Nevada Supreme Court the claim
18 that counsel failed to investigate and raise all issues in the petition in a direct appeal or before the
19 trial court. In ground 4, petitioner alleges that counsel did not present mitigating factors, described
20 in the body of the ground, at the sentencing hearing. Respondents argue that petitioner presented a
21 similar claim to the Nevada Supreme Court, but that the claim before the Nevada Supreme Court
22 involved the guilt phase of petitioner's proceedings, not the sentencing hearing.
23 The court is not persuaded by respondents' argument that petitioner did not present the
24 challenged issues in grounds 1 and 4 to the Nevada Supreme Court. In petitioner's state habeas
25 corpus appeal, the Nevada Supreme Court considered more than his fast-track statement. When the
26 Nevada Supreme Court dismissed petitioner's post-conviction counsel, it also stated, "Having
27 reviewed the documents on file in this proper person appeal, this court has concluded that <u>its review</u>
28 <u>of the complete record is warranted</u>." Ex. 48, at 1 (#19) (emphasis added). Included in that record

were petitioner's proper-person habeas corpus petition and supporting memorandum, which contained the grounds for relief. <u>See</u> Ex. 13, Ex. 14 (#16). Grounds 1 and 4 of the supporting memorandum are nearly identical to grounds 1 and 4 of the federal petition. Petitioner effectively presented the issues in grounds 1 and 4 to the Nevada Supreme Court because that court reviewed Petitioner's proper-person petition and supporting memorandum. Grounds 1 and 4 are exhausted.

     Petitioner's effective presentation of the challenged issues in grounds 1 and 4 are sufficient to exhaust those grounds even if the Nevada Supreme Court did not rule upon them. However, the court also disagrees with respondents' argument that the Nevada Supreme Court did not rule upon those grounds. The Nevada Supreme Court rejected petitioner's claim that counsel provided ineffective assistance for failing to present mitigating arguments and testimony at sentencing. Ex. 59, at 3 (#19). The Nevada Supreme Court did not mention what those arguments and testimony were, but it could only have been referring to ground 4 of the state habeas corpus petition. The Nevada Supreme Court also rejected petitioner's claim that counsel provided ineffective assistance for failing to advise petitioner of his right to appeal. Ex. 59, at 3-4 (#19). That court noted, "Appellant did not allege that he asked counsel to file a direct appeal and <u>failed to demonstrate that there existed a direct appeal claim that had a reasonable likelihood of success</u>." <u>Id.</u> at 4 (emphasis added). The emphasized phrase could only refer to petitioner's claim in ground 1 of the state habeas corpus petition that counsel should have raised the other claims in the petition on direct appeal.

     IT IS THEREFORE ORDERED that respondent's motion to dismiss (#15) is **DENIED**.

     IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: September 5, 2013.

                                                    PHILIP M. PRO
                                                    United States District Judge