# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID WALTER MICHEL,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:12-cv-00945-RFB-CWH

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 11), respondents' answer (ECF No. 24), and petitioner's reply. The court finds that relief is not warranted, and the court denies the petition.

    The court takes its statement of facts from the report of the arresting police officer. Ex. 2 (ECF No. 16). Petitioner pleaded guilty, and thus the statements in the report were not tested by cross-examination. For the purposes of this order, the court will assume that the prosecution could have presented these facts by testimony from the relevant witnesses.

    On August 12, 2009, petitioner entered a Wal-Mart store, and he started taking items from the shelves. A loss-prevention officer noticed petitioner and suspected that petitioner was intending to shoplift the items. In the electronics department, petitioner paid for a couple of items that he had selected in that department, but he walked out of the store without paying for any of the other items. The loss-prevention officer confronted petitioner, and petitioner presented a receipt that the officer concluded was fraudulent. The printing on the front of the receipt was larger than it should have been.

1   A bar code was at the bottom of the receipt, and receipts from that store normally do not contain bar codes. The loss-prevention officer called the police.

The police officer arrested petitioner for burglary, because petitioner entered the store without enough money to pay for the items that he had taken. The police officer then searched petitioner's wallet and found two identification cards that did not belong to him. One was a valid Florida driver's license, but in somebody else's name. The other was a stolen Nevada driver's license. The police officer charged petitioner also with possession of stolen property.

The police officer allowed petitioner, in handcuffs, to stand in front of the police car while she completed her paperwork. Petitioner then ran, and the officer chased him. Petitioner entered a car that was waiting for him, and the car drove off. A search found the car, petitioner's sister, who was driving the car, and petitioner himself. Petitioner was charged with escape while being in custody for a felony crime.

In the justice court, petitioner was charged with burglary, escape, two counts of possession of personal identifying information of another, and petit larceny. Petit larceny is a misdemeanor, the other counts all were felonies.[1] Petitioner waived a preliminary hearing, and case was bound over to the state district court.

In the state district court, the parties agreed on a plea. Petitioner pleaded guilty to one count of burglary and one count of escape. The other counts were dismissed, and the prosecution agreed not to seek adjudication of petitioner as a habitual criminal. Ex. 9 (ECF No. 16). For burglary, the state district court sentenced petitioner to a maximum term of 120 months and a minimum term of 26 months. For escape, the state district court also sentenced petitioner to a maximum term of 120 months

---

[1] It appears that the possession charges would have been category E felonies. See Nev. Rev. Stat. § 205.465(4). Normally, the prison sentence for a category E felony must be suspended and probation must be granted. Nev. Rev. Stat. § 193.130(2)(e). However, exceptions allow the sentencing judge to send a person convicted of a category E felony to prison. Nev. Rev. Stat. § 176A.100(1)(b). Two of those exceptions—a previous revocation of parole or probation and two previous felony convictions—would have applied to petitioner.
     The habitual criminal law, Nev. Rev. Stat. § 207.010, allows an enhanced sentence for a person convicted of "any felony" who had been convicted previously of multiple felonies, like petitioner. No exception exists for a person convicted of a category E felony.

-2-

and a minimum term of 26 months, running consecutively to the sentence for burglary. Ex. 12 (ECF No. 16). Petitioner did not appeal, which is the topic of ground 1 of the petition.

Petitioner filed a post-conviction habeas corpus petition and supporting memorandum in state court pro se. Ex. 13, Ex. 14 (ECF No. 16). The state responded to that petition. Ex. 18 (ECF No. 16). Petitioner then retained counsel. Ex. 19 (ECF No. 16). Now represented by counsel, petitioner filed a reply. Ex. 20 (ECF No. 17). The state filed a supplemental response. Ex. 23 (ECF No. 17). Petitioner also wrote an amended habeas corpus petition pro se. Ex. 21 (ECF No. 17). It is unclear whether the state district court ever filed this document. The copy that the court possesses is not marked as filed. Furthermore, the on-line docket of the state court does not show the receipt of any amended petition.[2] Even if it was, the state district court ignored the document for two reasons. First, petitioner was represented by counsel and could not file documents pro se. Second, petitioner never received leave to amend his petition. The state district court denied the petition after holding a hearing. Ex. 30 (ECF No. 17).

Petitioner appealed. At first, petitioner's retained counsel still represented him and filed a fast-track statement for the appeal. Ex. 39 (ECF No. 17). However, the Nevada Supreme Court granted petitioner's request to allow counsel to withdraw, and the Nevada Supreme Court decided to review the complete record instead of relying upon the fast-track statement. Ex. 48 (ECF No. 19). The Nevada Supreme Court then affirmed the denial of the petition. Ex. 59 (ECF No. 19).

Petitioner then commenced this action. The court denied respondents' motion to dismiss (ECF No. 15), finding that petitioner had exhausted his state-court remedies for all grounds. The answer followed.

The court will discuss petitioner's grounds for relief out of the order in which petitioner presented them. The Nevada Supreme Court ruled upon what are now grounds 2, 3, and 5 in one paragraph. Ground 1, a claim that petitioner was deprived of a direct appeal, is better analyzed at the end of the court's ruling.

---

[2] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7570258 (last visited August 21, 2015).

All grounds for relief are claims of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged

conduct, the result of the proceeding in question would have been different. <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

> Establishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland's</u> deferential standard.

<u>Harrington v. Richter</u>, 131 S. Ct. 770, 788 (2011) (citations omitted).

On the issues that are now grounds 2, 3, and 5, the Nevada Supreme Court held:

> First, appellant claimed trial counsel failed to request a continuance at sentencing, investigate and object to errors in the presentence investigation report. Specifically, appellant claimed that the presentence investigation report mistakenly set forth 6 prior prison terms, mislabeled the instant offense as escape with a deadly weapon causing substantial bodily harm when no weapon or harm occurred, and falsely stated that he had failed to appear in this case. Appellant failed to demonstrate that his trial counsel's performance was deficient and that he was prejudiced. At the sentencing hearing, appellant's trial counsel did object to the mislabeling of the instant offense and informed the court that no weapon or harm had occurred in the instant case. Appellant failed to demonstrate the the failure-to-appear information was incorrect in the instant case or that it was relied upon by the court. Appellant's criminal history included eleven prior felony convictions, and appellant failed to demonstrate that the total number of prison terms imposed was incorrect. [Footnote 3: The information in the record appears to indicate that while six prison terms may have been imposed, many of these terms were imposed to be served concurrently with other terms.] In imposing the sentence, the district judge, reflecting upon appellant's criminal history, stated "the greatest predictor of future behavior is past behavior." Appellant failed to demonstrate that a request for a continuance, any further investigations or objections would have had a reasonable probability of altering the outcome at sentencing. Therefore, we conclude that the district court did not err in denying this claim.

Ex. 59, at 2-3 (ECF No. 19).

Ground 2 is a claim that counsel provided ineffective assistance because counsel did not object to the pre-sentence investigation report's characterization of escape as "escape with weapon or substantial bodily harm." <u>See</u> Ex. 10A, at 7 (ECF No. 16). However, as the Nevada Supreme Court held, and as the transcript of sentencing confirms, counsel did object to that characterization. Ex. 11, at 6 (ECF No. 16). Additionally, petitioner suffered no prejudice, because the sentence that he received was for escape without the aggravating circumstances of a weapon or substantial bodily harm. Ex. 11, at 9 (ECF No. 16); Ex. 12 (ECF No. 16). <u>See also</u> Nev. Rev. Stat. § 212.090(1)(b). The Nevada Supreme Court reasonably applied <u>Strickland</u>, and ground 2 is without merit.

-5-

Ground 3 is a claim that counsel provided ineffective assistance because counsel did not object to information in the pre-sentence investigation report that petitioner had been to prison six times. The Nevada Supreme Court noted in footnote 3, quoted above, that some of the prison terms were served concurrently with other prison terms. The Nevada Supreme Court was correct. The pre-sentence investigation report mentions that petitioner has been sentenced to prison six times by courts, but the subsequent descriptions of the criminal proceedings show that many of the sentences run concurrently with earlier sentences. Ex. 10A, at 3-7 (ECF No. 16). The sentencing judge would have read all that information. Petitioner did not show in state court that the report was incorrect, nor has he shown such in this court. Moreover, the transcript of the sentencing hearing indicates that the judge was focused more upon petitioner's criminal history, not just the number of times he had been sent to prison. Counsel tried to mitigate petitioner's criminal history. She noted that petitioner's two theft-related convictions occurred in 1991 and 1998; the crime at issue in this action occurred in 2009. She also noted that the convictions that occurred later were either possession of drugs for personal use, not for sale or trafficking, or for traffic-related. Ex. 11, at 6-7 (ECF No. 16). However, as the Nevada Supreme Court noted, the sentencing judge did not accept the argument, stating that petitioner's past behavior is the best predictor of his future behavior. See id., at 9 (ECF No. 16). The Nevada Supreme Court reasonably determined that petitioner has not shown a reasonable probability of a different outcome had counsel argued the amount of time that petitioner actually had spent in prison. Ground 3 is without merit.

Ground 5 is a claim that counsel provided ineffective assistance because counsel did not object to the statement that petitioner had failed to appear earlier in the case. See Ex. 10A, at 7 (ECF No. 16) (second column of description of instant offense, noting "FTA: 08-17-2009"). If "FTA" does mean "failed to appear," then that information was incorrect. The minutes of the justice court show that petitioner did appear on August 17, 2009. Ex. 1, at 2 (ECF No. 16). However, although the report states "FTA," the synopsis of the offense immediately following shows that petitioner was taken into custody after the police found him. Second, the sentencing court focused upon petitioner's criminal history, not upon a failure to appear, in imposing sentence upon petitioner. Consequently, the Nevada

Supreme Court's decision that petitioner did not show any prejudice was a reasonable application of Strickland. Ground 5 is without merit.

Ground 4 is a claim that counsel did not argue mitigating factors to the sentencing judge. Petitioner presented a similar claim to the Nevada Supreme Court, which held:

> Second, appellant claimed that trial counsel was ineffective for failing to present mitigating arguments and testimony at sentencing. Appellant failed to demonstrate that his trial counsel's performance was deficient and that he was prejudiced. Appellant's trial counsel did present the argument that five of the eleven prior felony convictions were traffic-related offenses. Trial counsel further presented the court with letters from appellant's family members. Appellant failed to demonstrate that further mitigating arguments would have had a reasonable probability of altering the outcome at sentencing in this case. Therefore, we conclude that the district court did not err in denying this claim.

Ex. 59, at 3 (ECF No. 19).

Ground 4 differs in the operative facts from the Nevada Supreme Court's stated holding. Now, petitioner claims that counsel failed to argue at sentencing that petitioner did not understand the difference between petit larceny and burglary. Petitioner argues that he did not enter the Wal-Mart with the intent to steal, but that he was on drugs and acting irrationally, found a receipt on the floor, decided to take what was printed on the receipt, and walk out the door. Consequently, because he did not enter the Wal-Mart with the intent to steal, he could not be guilty of burglary, and thus he could not be guilty of felony escape.[3]

In denying the motion to dismiss (ECF No. 15), the court determined that ground 4 was exhausted because of the Nevada Supreme Court's handling of the case. When the Nevada Supreme Court allowed petitioner's post-conviction counsel to withdraw, it stated that the appeal would proceed with petitioner pro se and that the Nevada Supreme Court would review the record itself. Ex. 48 (ECF No. 19). Ground 4 of the memorandum supporting petitioner's state habeas corpus petition is virtually identical to ground 4 of the current federal petition. See Ex. 14, at 15 (ECF No. 16). This court concludes that the Nevada Supreme Court's method of reviewing the record fairly presented the facts

---

[3] For the purposes of this action, at the time burglary required petitioner to have entered the Wal-Mart with the intent to commit petit larceny. Nev. Rev. Stat. § 205.060(1) (2005).
For the purposes of this action, escape is a felony when the underlying charge is a felony, and escape is a gross misdemeanor when the underlying charge is a gross misdemeanor or a felony. Nev. Rev. Stat. § 212.090.

1  behind ground 4 to it. Although the Nevada Supreme Court did not rule expressly upon this claim, this
2  court presumes that the Nevada Supreme Court rejected this ground on its merits. See Johnson v.
3  Williams, 133 S. Ct. 1088, 1094-96 (2013).
4        The Nevada Supreme Court reasonably could have concluded that counsel did not perform
5  deficiently by not raising these arguments at sentencing. Despite petitioner stating that they are
6  arguments to mitigate his sentence, they are not. They are defenses to guilt, and petitioner waived those
7  defenses by pleading guilty. If counsel had raised these arguments at sentencing, the best possible result
8  would have been a mild rebuke from the judge for raising the argument at the wrong time.
9        Petitioner also argues that he was under the influence of drugs at the time of the offenses and
10 that he was acting irrationally. The court agrees with respondents that petitioner's counsel actually did
11 argue for mitigation of petitioner's sentences. See Ex. 11, at 7-9 (ECF No. 16). The Nevada Supreme
12 Court reasonably could have concluded that counsel did not perform deficiently by doing what
13 petitioner argues counsel should have done. Ground 4 is without merit.
14       Ground 6 is a claim that counsel provided ineffective assistance because, at the sentencing
15 hearing, counsel neither called petitioner's sister and niece as witnesses nor presented letters that they
16 had written. Petitioner raised this issue in ground 6 of the supporting memorandum of his habeas
17 corpus petition. Ex. 14, at 18 (ECF No. 16). The Nevada Supreme Court held that counsel did present
18 the letters from family members to the sentencing judge. Ex. 59, at 3 (ECF No. 19).
19       The ground is without merit. Petitioner has provided copies of the letters, attached as exhibits
20 to the petition (ECF No. 11). Exhibit C is a letter from Janet Michel, petitioner's sister. Exhibit D is
21 a letter from Michelle Nielsen, petitioner's niece. At the start of the sentencing hearing, petitioner's
22 counsel said that she had provided letters from these people to the court, and the sentencing judge stated
23 that she had received and reviewed the letters. Ex. 11, at 2 (ECF No. 16). The Nevada Supreme Court
24 reasonably could have concluded that counsel did not perform deficiently by doing what petitioner
25 argues counsel should have done. Ground 6 is without merit.
26       The court turns at last to ground 1, a claim that counsel deprived petitioner of a direct appeal.
27 The analysis of whether a defendant was denied a direct appeal due to ineffective assistance of counsel
28

has four steps. First, has the defendant instructed counsel to file an appeal or asked not to take an appeal?

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.

Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Second, if the defendant did not give instructions, has counsel consulted with the defendant about a direct appeal?

> We employ the term "consult" to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the <u>defendant's express instructions</u> with respect to an appeal.

Id. at 478 (emphasis added). Third, if counsel did not consult with the defendant about the direct appeal, was that deficient performance by counsel?

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

Id. at 480 (citation omitted). Fourth, if the lack of consultation was deficient performance, was the defendant prejudiced? "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. On this issue, the Nevada Supreme Court held:

> Finally, appellant claimed that his trial counsel was ineffective for failing to inform him about the right to appeal or file an appeal on his behalf. To the extent that appellant claimed his trial counsel was ineffective for failing to advise him of the right to appeal, appellant failed to demonstrate that his counsel was ineffective. Notably, appellant was informed of his limited right to appeal in the written guilty plea agreement. . . . Further, there is no constitutional requirement that counsel must always inform a defendant who pleads guilty of the right to pursue a direct appeal unless the defendant inquires about an appeal or there exists a direct appeal claim that has a reasonable likelihood of success. . . . Appellant did not allege that he asked counsel to file a direct appeal and failed to demonstrate that there existed a direct appeal claim that had a reasonable likelihood of success. Therefore, we conclude that the district court did not err in denying this claim.

Ex. 59, at 3-4 (ECF No. 19) (citations omitted).

1    In the fast-track statement on appeal, petitioner argues that he instructed trial counsel to file an
2    appeal. Ex. 39, at 3-4 (ECF No. 17-19). The respondents then argued:

> Appellant failed to raise the claim that he demanded his attorney file an appeal in his petition below. Rather, Appellant claimed that his attorney failed to inform him that he had the right to appeal and/or failed to file a Notice of Appeal and/or failed to raise the claims Appellant raises on appeal or at the trial court level.

Ex. 43, at 5 (ECF No. 19-4). Ground 2 of the first amended state habeas corpus petition is a claim that he demanded that his attorney file a notice of appeal. Ex. 21, at 8 (ECF No. 17-1). However, this is an unaddressed document because petitioner was represented by counsel at the time, and it also is unclear whether the state district court ever received the petition. See Ex. 20 (ECF No. 17). The supporting memorandum to the original state habeas corpus petition contains only a claim that counsel failed to inform petitioner of his right to appeal. See Ex. 14, at 11 (ECF No. 16). The Nevada Supreme Court reasonably could have concluded that petitioner did not ask counsel to file a direct appeal.

Counsel did not consult with petitioner about an appeal, but the Nevada Supreme Court reasonably could have concluded that counsel was under no obligation to consult because there were no non-frivolous grounds for a direct appeal. All of the grounds in both the state habeas corpus petition and the federal habeas corpus petition are claims of ineffective assistance of counsel. Nevada requires a claim of ineffective assistance of counsel to be raised in a post-conviction habeas corpus petition, not on direct appeal. Gibbons v. State, 634 P.2d 1214 (Nev. 1981). If petitioner had appealed from the judgment of conviction and raised the issues that he raises in the current petition, the Nevada Supreme Court would have affirmed, not because the claims were without merit, but because petitioner raised the claims in the wrong proceeding. Ground 6 is without merit.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). After reviewing the grounds for relief and the court's reasons why they are without merit, the court concludes that a certificate of appealability should not issue.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 11) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: January 9, 2018

_____
RICHARD F. BOULWARE, II
United States District Judge